843 F.2d 1389
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles WALKER, Plaintiff-Appellant,
v.
RICHMOND NEWSPAPERS, INC., Defendant-Appellee.
 No. 86-2197.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 29, 1988.
Decided: April 5, 1988.
 
 Charles Walker, appellant pro se.
 David C. Kohler; Alexander Wellford, Christian, Barton, Epps, Brent & Chappell, for appellee.
 Before K.K. HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff Charles Walker sued his former employer Richmond Newspapers, Inc. asserting claims under the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e, et seq. (Title VII). Walker, an African-American, alleges that he was investigated in a discriminatory fashion on charges of possession of firearms in violation of company policy and that he was subjected to discriminatory discipline. At the conclusion of the bench trial the district court entered judgment for the defendant. Walker appeals; we affirm.
 
 
 2
 The decisive issue in this Title VII suit is whether the defendant's disciplinary actions were motivated by plaintiff's race. 42 U.S.C. Sec. 2000e-2(a). The district court's resolution of this issue was a finding of fact, Pullman-Standard v. Swint, 456 U.S. 273, 285-90 (1982), and may be reversed by this Court only if the determination was "clearly erroneous" within the meaning of Fed.R.Civ.P. 52(a). Id. at 290.
 
 
 3
 The appropriate fact-finding process in a Title VII suit for racially disparate treatment has been addressed by the Supreme Court many times. See, e.g., McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981). In McDonnell Douglas and Burdine, the Supreme Court prescribed a three-part framework for analyzing such cases. First, the plaintiff must establish a prima facie case of discrimination; next, the burden of production shifts to the defendant to show a legitimate non-discriminatory reason for its action; finally, the burden returns to the plaintiff to come forward with evidence that the defendant's asserted reason for its action is a pretext for its discriminatory motives. Throughout this process, the burden of persuasion remains on the plaintiff. Burdine, 450 U.S. at 252-53.
 
 
 4
 In discriminatory discipline cases, this Court has held that a prima facie case is made out by showing "(1) that plaintiff engaged in prohibited conduct similar to that of a person of another race, color, sex, religion, or national origin, and (2) that the disciplinary measures enforced against the plaintiff were more severe than those enforced against the other person." Moore v. City of Charlotte, 754 F.2d 1100, 1105-06 (4th Cir.), cert. denied, 472 U.S. 1021 (1985).
 
 
 5
 Upon consideration of the record, including appellant's informal brief and a tape of the trial, we are unable to find any basis for concluding that the district court was clearly erroneous in its findings of fact or that it erred in its application of the law to those facts. Therefore, we affirm the judgment below. We dispense with oral argument since the record and briefs filed with this Court indicate that oral argument would not significantly aid the decisional process.
 
 
 6
 AFFIRMED.